# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Paula L. Cunningham,**
**Plaintiff Below, Petitioner**

**vs) No. 13-1276** (Mason County 11-C-146)

**Felman Production, LLC,**
**Defendant Below, Respondent**

**FILED**

October 17, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Paula L. Cunningham, by counsel Edwin H. Pancake, appeals the order of the Circuit Court of Mason County granting Respondent Felman Production, LLC's motion for summary judgment. Respondent, by counsel Ronda L. Harvey, filed a response. Petitioner filed a reply. Petitioner challenges the circuit court's dismissal of her deliberate intent suit based upon its conclusions that she failed to establish (1) that respondent had actual knowledge of the unsafe working condition, and (2) that respondent intentionally exposed her to the unsafe working condition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts

Petitioner's civil action stems from events that occurred at a plant operated by Respondent Felman Production, LLC, located in Letart, West Virginia. The plant produces alloy metal products and was purchased by respondent in 2005. At the time of the events relevant to this case, petitioner was employed by respondent as an Occupational Safety and Health Specialist. Petitioner's job duties included performing regular inspections around the plant and assisting her immediate supervisor, Paul Pigott, with his duties as Plant Safety and Health Supervisor.

The facts are undisputed. On May 12, 2010, petitioner was working in her office when she received a call around noon alerting her to a fire in an industrial dumpster located in the yard area of the plant. Petitioner left her office, located a fire extinguisher, and proceeded on foot to the dumpster. Three or four other employees had arrived at the dumpster around the same time as petitioner and were attempting to extinguish the fire. One of the employees, Mark Gilkey, an end-loader operator at the plant, approached the group with his end-loader and dumped water

1

from the bucket onto the fire. An explosion followed. As a result of the explosion, petitioner suffered burns and a strain to her back. Petitioner was hospitalized overnight and returned to work soon thereafter. On December 16, 2011, petitioner filed suit against respondent alleging a violation of the deliberate intent statute, West Virginia Code § 23-4-2(d)(2)(ii).[1]

As part of the investigation into the incident, it was discovered that there were traces of strontium[2] and other flammable substances in the dumpster that caused an explosion when contacted by water. According to petitioner, the West Virginia Department of Environmental Protection cited respondent for its actions and inactions related to the explosion.

---

[1] Under the deliberate intent statute, in order for an employer to lose its workers' compensation immunity, the employee must prove the following five elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W.Va. Code § 23-4-2(d)(2)(ii).

[2] According to petitioner's brief, "[s]trontium is a known volatile and reactive substance which had been previously used at the plant, but had not been used in the manufacturing processes for many years prior to [respondent's] acquisition of the plant."

None of the employees who responded to the dumpster fire were supervisors. Petitioner did not speak to any supervisors before she secured a fire extinguisher and went to the dumpster, and she was not instructed by any supervisor to attempt to extinguish the fire.[3] In addition, no supervisor directed Mr. Gilkey to use the end-loader bucket to douse the fire with water. Importantly, there was no evidence that respondent knew that strontium was in the dumpster.[4]

Following discovery, respondent moved for summary judgment. Petitioner responded to respondent's motion, relying in large part on the doctrine of *res ipsa loquitor.* Following a hearing on respondent's motion, the court entered an order on October 31, 2013, granting summary judgment to respondent. The circuit court rejected petitioner's *res ipsa loquitor* argument as such is a theory of negligence inapplicable to a statutory deliberate intent suit. With respect to the presence of strontium at the plant, the circuit court found that respondent

> controlled the storage of Strontium and that it maintained the Strontium in a locked warehouse, with limited access, prior to the Strontium being placed in the dumpster which ultimately exploded. The Court further finds that [respondent] was aware of the potential hazards of Strontium coming into contact with water, and of the danger to person and property if the Strontium was not properly handled or stored.

However, the circuit court went on to conclude that petitioner, as a matter of law, could not establish (1) that respondent had actual knowledge of the existence of the specific unsafe working condition (strontium in the dumpster) and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition, as required by West Virginia Code § 23-4-2(d)(2)(ii)(B), or (2) that respondent intentionally exposed petitioner to the specific unsafe working condition, as required by West Virginia Code § 23-4-2(d)(2)(ii)(D). Petitioner now appeals to this Court.

**Discussion**

Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995); *See also* Syl. Pt. 4, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 161 (1994) ("Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.") When an employee alleges deliberate intent under West Virginia Code § 23-4-2(d)(2)(ii), summary

---

[3] The cause of the fire is not apparent from the record, but it is generally undisputed that it was raining on the day of the incident.

[4] According to petitioner, respondent was aware that strontium was stored in three barrels on its property. Apparently, one of the barrels ended up in the dumpster, but petitioner could not establish how that happened or who was responsible.

3

judgment is mandated if the employee is unable to prove one of the five statutory requirements. *See* W.Va. Code § 23-4-2(d)(2)(iii)(B). "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter.*

On appeal, petitioner raises three assignments of error. First, she argues that the circuit court erred in concluding that she could not meet the "actual knowledge" requirement in West Virginia Code § 23-4-2(d)(2)(ii)(B). She argues that respondent's corporate representative admitted that it had complete control over the storage of strontium at the plant, and that there needed to be limited access to the material because of its hazardous nature. She adds that because strontium was stored in barrels that were too heavy to move without a forklift, it is highly unlikely that barrels would have been moved from the locked warehouse to the dumpster without supervisory involvement.

Actual knowledge "is a high threshold that cannot be successfully met by speculation or conjecture." *Smith v. Apex Pipeline Services, Inc.,* 230 W.Va. 620, 630, 741 S.E.2d 845, 855 (2013). Moreover, this requirement "is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong probability of serious injury or death presented by that condition." *Id.* Instead, petitioner must establish that respondent "actually possessed such knowledge." *Id.* Petitioner failed to prove that any supervisor knew (1) that strontium was in the dumpster, (2) that petitioner was working in the area of the dumpster, or (3) that an explosion would occur while she was in that area. Therefore, we find no error in the circuit court's conclusion that petitioner failed to establish "actual knowledge" on the part of respondent.[5]

---

[5] We note that petitioner also argues for the first time on appeal to this Court that she established "actual knowledge" by virtue of our holding in *Ryan v. Clonch,* 219 W.Va. 664, 639 S.E.2d 756 (2006). In *Ryan*, we held that an employer has knowledge of an unsafe working condition when it fails to perform a required hazard assessment that would have disclosed the resulting hazard. At no point in her pleadings before the circuit court did petitioner reference *Ryan* in her argument that respondent had actual knowledge of the strontium in the dumpster; therefore, respondent argues that the argument is waived.

> To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court[,] on pain that, if they forget their lines, they will likely be bound forever to hold their peace . . . [sic] It must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.

*State v. Browning,* 199 W.Va. 417, 425, 485 S.E.2d 1, 9 (1997) (quoting *State ex rel. Cooper v. Caperton,* 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996)) (citations omitted).

Nevertheless, even if we examine petitioner's argument in this regard, *Ryan* is distinguishable. That case involved an employee who was required to work without protective equipment in violation of federal regulation. Clonch, the employer, never performed the required

Second, petitioner argues that the circuit court erred in finding that she was unable to satisfy the "intentional exposure" requirement of West Virginia Code § 23-4-2(d)(2)(ii)(D). She contends that she was doing her job when she went to the dumpster with the fire extinguisher and that respondent was aware of the presence of strontium at the plant; therefore, respondent intentionally exposed her to the unsafe working condition that caused her injury. We disagree. Merely directing an employee to work in the area where an unsafe condition exists is not enough; the employer must direct the employee to work in the area of the unsafe condition "with conscious awareness of the unsafe working condition." *Smith,* 230 W.Va. at 858, 741 S.E.2d at 633 (quoting *Ramey v. Contractor Enterprises, Inc.,* 225 W.Va. 424, 431, 693 S.E.2d 789, 796 (2010)). No such evidence exists in this case. Therefore, the circuit court correctly found a lack of "intentional exposure" as required by the deliberate intent statute.

Finally, petitioner argues that summary judgment was improper in light of the fact that circumstantial evidence could lead a reasonable trier of fact to conclude that respondent had actual knowledge and intentionally exposed its employees to hazards which resulted in petitioner's injuries. Stated another way, petitioner argues for the application of the doctrine of *res ipsa loquitor* to this statutory deliberate intent case. In Syllabus Point 4 of *Foster v. City of Keyser,* 202 W.Va.1, 501 S.E.2d 165 (1997), we held as follows:

> Pursuant to the evidentiary rule of *res ipsa loquitur,* it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Without question, the doctrine of *res ipsa loquitor* is a negligence theory. However, petitioner has pointed to no legal authority in this state applying such a theory in the context of statutory deliberate intent. As such, we decline to do so under the facts and circumstances presented in this case.

For the foregoing reasons, we affirm.

Affirmed.

---

hazard assessment to determine if protective equipment was required. Conversely, in the present case, no supervisor instructed petitioner to report to the dumpster with a fire extinguisher. Also, contrary to petitioner's argument, the Department of Environmental Protection did not direct respondent to "inspect, classify and dispose of" the strontium; rather, it ordered respondent to determine if the product was viable and, if it was not viable, to dispose of it properly. Respondent determined it was viable, and therefore stored it in a locked warehouse. Petitioner entered no evidence that respondent failed to perform a required inspection that would have disclosed the alleged unsafe working condition.

**ISSUED:** October 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II